UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA KATUMBUSI, | No.  2:14-cv-1534 JAM AC PS |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| MATTHEW J. GARY, Commissioner, Sacramento County Superior Court, et al., | <u>ORDER TO SHOW CAUSE</u> |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327.

3  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
8  this standard, the court must accept as true the allegations of the complaint in question, Hospital
9  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12 Plaintiff's complaint is premised on violations of her constitutional rights stemming from
13 a 2004-2005 child custody dispute in the Sacramento County Superior Court, after which her
14 children were removed from her custody.  Generally, a claim by parents regarding the
15 unconstitutional removal of children is properly "assessed under the Fourteenth Amendment
16 standard for interference with the right to family association." Wallis v. Spencer, 202 F.3d 1126,
17 1137 n.8 (9th Cir. 2000).

> It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983.  This constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents.

22 Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (citation, internal quotation marks,
23 and brackets omitted), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d
24 1119 (9th Cir. 2002); see also Woodrum v. Woodward Cnty., 866 F.2d 1121, 1124 (9th Cir.
25 1989) ("A parent's interest in the custody and care of his or her children is a constitutionally
26 protected liberty interest, such that due process must be afforded prior to a termination of parental
27 status.").

28 However, the constitutional right is not absolute. Mueller v. Auker, 700 F.3d 1180, 1186

1  (9th Cir. 2012); Woodrum, 866 F.2d at 1125.  "Under certain circumstances, these rights must
2  bow to other countervailing interests and rights, such as the basic independent life and liberty
3  rights of the child and of the State acting as parens patriae; and on occasion, this accommodation
4  may occur without a pre-deprivation hearing."  Mueller, 700 F.3d at 1186; see also Woodrum,
5  866 F.2d at 1125 ("The interest of the parents must be balanced against the interests of the state
6  and, when conflicting, against the interests of the children").  The Fourteenth Amendment, then,
7  "guarantees that parents will not be separated from their children without due process of law
8  except in emergencies."  Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101,
9  1107 (9th Cir. 2001); see also Mueller, 700 F.3d at 1187 ("constitutional rights of parents step
10  aside[ ][i]n an emergency situation when the children are subject to immediate or apparent danger
11  or harm") (internal quotation marks and ellipsis omitted).

12      In order for plaintiff's Fourteenth Amendment claim to proceed, it must of course be
13  brought in a timely manner.  42 U.S.C. § 1983 does not contain a statute of limitations.  Fink v.
14  Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Instead, the law of the state in which the cause of
15  action arose governs the length of the statute of limitations for section 1983 claims.  Wallace v.
16  Kato, 549 U.S. 384, 387 (2007).  Under California law, the statute of limitations for personal
17  injury actions is two years.  See Cal. Code Civ. Pro. § 335.1.  In this case, the allegations in the
18  complaint, which was filed on June 30, 2014, are based on conduct that occurred in 2004 and
19  2005.  Because plaintiff's claims appear to be untimely, plaintiff will be ordered to show cause
20  why the undersigned should not recommend that this action be dismissed as untimely.

21      In accordance with the above, IT IS HEREBY ORDERED that:
22      1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted; and
23      2. Plaintiff is ordered to show cause within fourteen (14) days why the undersigned
24  should not recommend that this action be dismissed as untimely.

25  DATED: July 30, 2014

26                              _____
                            ALLISON CLAIRE
27                              UNITED STATES MAGISTRATE JUDGE
28