UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA KATUMBUSI,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTHEW J. GARY, Commissioner,<br>Sacramento County Superior Court, et al.,<br><br>  Defendants. | No. 2:14-cv-1534 JAM AC PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      On June 30, 2014, plaintiff, proceeding pro se, initiated this action.  Plaintiff's complaint is premised on violations of her constitutional rights stemming from a 2004-2005 child custody dispute in the Sacramento County Superior Court, after which her children were removed from her custody.  On July 30, 2014, the court issued an order directing plaintiff to show cause why the undersigned should not recommend dismissing this action as untimely.  ECF No. 3.  On August 13, 2014, plaintiff filed a response, arguing "[t]he constitutional violations in this case are continuing, and fall under the continuing violation doctrine."  ECF No. 4 at 2.  Plaintiff included with her response seventeen pages of court records from the Sacramento County Superior Court that range in date from December 2004 through March 2005.  <u>Id.</u> at 8–24.

      Also before the court is plaintiff's September 24, 2014 motion for exemption of PACER user fees.  ECF No. 5.

1

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges as follows in her complaint. Plaintiff married in September 1997 and was divorced on September 3, 2003. Compl. ¶ 1, ECF No. 1. Prior to plaintiff's divorce, she "shared joint legal custody arraignment with her ex-husband, and plaintiff had primary physical custody." Id. ¶ 2. "On October 27, 2004 a Governmental motion was filed by the Department of Child Support Services (DCSS) to modify a child support order in the amount of $593.00 per month." Id. ¶ 3.

"On January 12, 2005, Commissioner Matthew J, Gary assigned to hear Title IV-D child support cases, attorney of Record and Pro Tem Judge Bumni Awoniyi, and DCSS attorney Jack Mills, conspired, initiated and succeeded to remove the Plaintiffs children by entertaining a custody proceeding and removed the Plaintiffs children from her care and custody . . . ." Id. ¶ 13. "On January 13, 2005, the Plaintiff was ordered into mediation that day, and a court hearing followed after." Id. ¶ 15. Defendants found that plaintiff intentionally deprived her children of a relationship with their father, id. ¶ 17, and awarded the father sole legal custody in the best interests of the children, id. ¶ 19.

Plaintiff seeks, among other things, "[d]eclaratory relief and for all proceedings to be voided from 12/01/2004 because the courts lacked subject matter jurisdiction." Id. ¶ 26. Plaintiff also prays for relief as follows:

> The Plaintiff and her family has sought irreparable harm and hardship that has been inflicted by the decision of Commissioner Matthew J. Gary, which the Plaintiff and her children had served a close bond and relationship which now has caused us to be estranged. The Ruling and decision of Commissioner Matthew J. Gary has cause detrimental harm to the plaintiffs family as such the children are in need of ongoing therapy, counseling to combat the trauma this situation has caused and is seeking compensatory relief upon trial or whichever the courts deem appropriate.

Id. ¶ 32.

## LEGAL STANDARDS

A claim by parents regarding the unconstitutional removal of children is properly "assessed under the Fourteenth Amendment standard for interference with the right to family association." Wallis v. Spencer, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000).

2

> It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983. This constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents.

Lee v. City of L.A., 250 F.3d 668, 685 (9th Cir. 2001) (citation, internal quotation marks and brackets omitted), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); see also Woodrum v. Woodward Cnty., 866 F.2d 1121, 1124 (9th Cir. 1989) ("A parent's interest in the custody and care of his or her children is a constitutionally protected liberty interest, such that due process must be afforded prior to a termination of parental status.").

In order for a Fourteenth Amendment claim to proceed, it must be brought in a timely manner. Section 1983 does not contain a statute of limitations. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Instead, the law of the state in which the cause of action arose governs the length of the statute of limitations for § 1983 claims. Wallace v. Kato, 549 U.S. 384, 387 (2007). Under California law, the statute of limitations for personal injury actions is two years. See CAL. CODE CIV. PRO. § 335.1.

Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." Wetzel v. Lou Ehlers Cadillac Group, 189 F.3d 1160, 1163 (9th Cir. 1999). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." De Anza Props. X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991). Just as state law determines the applicable limitations period, state law also determines the applicability of tolling doctrines in civil rights actions when it is not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536 (1989); Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir. 2000); Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1257 (C.D. Cal. 2003).

/////

DISCUSSION

The allegations in plaintiff's complaint are based on alleged misconduct that occurred in 2004 and 2005. Plaintiff specifically challenges state court proceedings beginning on December 1, 2004 as "voided . . . because the courts lacked subject matter jurisdiction." Compl. ¶ 26. There is nothing in plaintiff's complaint or her response to the court's order to show cause that indicates she did not have reason to know of the alleged injuries in 2004 or 2005. Plaintiff's only argument against dismissal is that the alleged violations stemming from the misconduct are ongoing and her action is subject to the "continuing violation doctrine." ECF No. 4 at 2.

"The continuing violation theory applies to § 1983 actions . . . allowing a plaintiff to seek relief for events outside of the limitations period." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Gutowsky v. Cnty. of Placer, 108 F.3d 256, 259 (9th Cir. 1997); Williams v. Owens–Illinois, Inc., 665 F.2d 918, 924 (9th Cir. 1982)). However, the Ninth Circuit has "repeatedly held that a mere continuing *impact* from past violations is not actionable." Knox, 260 F.3d at 1013 (quotations and citations omitted); Abramson v. Univ. of Haw., 594 F.2d 202, 209 (9th Cir. 1979) ("The proper focus is upon the time of the . . . acts, not upon the time at which the consequences of the acts became most painful."). Discrete "acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002); see also Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) (Morgan applies to "bar § 1983 claims predicated on discrete time-barred acts, not-withstanding that those acts are related to timely-filed claims." (citing RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1061 (9th Cir. 2002)).

Here, plaintiff's claims accrued when the state court issued the child custody orders between 2004 and 2005, and plaintiff had notice of the alleged wrongful acts she wished to challenge at that time. See Knox, 260 F.3d at 1014. The continuing violation doctrine is inapplicable in the instant action because plaintiff fails to "establish that a new violation occurs each time she is denied" custodial access to her children. See id. at 1013. While plaintiff states in her response to the order to show cause that she has "been dragged to court like a rag doll, week after week, month after month, and year after year all while being destitute," ECF No. 5 at

1  2, plaintiff points to no new misconduct or rulings regarding custody that could constitute a new
2  violation within the past two years.  Plaintiff's ongoing lack of custodial status, and its
3  consequences, are "merely the continuing effect" of the original state court orders.  Knox, 260
4  F.3d at 1013; see also Del. State Coll. v. Ricks, 449 U.S. 250, 258 (1980) ("The emphasis is not
5  upon the effects of earlier . . . decisions; rather, it 'is [upon] whether any present *violation*
6  exists.'" (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977)).

7  That plaintiff suffers ongoing harm as a result of the earlier 2004-2005 decisions does not
8  preserve plaintiff's claims.  Plaintiff's allegations arise out of specific instances of misconduct
9  that stem from adjudication of her child custody dispute, and as such are only timely if those acts
10 occurred during the limitations period.  Because plaintiff filed her claim on June 30, 2014, to be
11 actionable, the conduct giving rise to her § 1983 claim must have occurred after June 29, 2012.
12 The child custody proceedings plaintiff challenges in her complaint, however, occurred between
13 2004 and 2005.  Accordingly, plaintiff's action must be dismissed as time-barred.

14                    PLAINTIFF'S MOTION TO WAIVE PACER FEES

15 On September 24, 2014, plaintiff filed a motion for exemption of PACER fees, arguing
16 she is indigent and her PACER fees must be waived "to avoid any unnecessary and unreasonable
17 burden and delays as well as to gain public access to information in relation to [her] case."  ECF
18 No. 5 at 2.

19 Plaintiff has not made a showing that her PACER fees should be waived.  Exemptions
20 from PACER user fees are uncommon.  In forma pauperis status alone does not support a request
21 to waive PACER fees.  All parties and attorneys of record receive one free electronic copy of
22 documents filed with the court if they are registered with the court's CM/ECF system.  If not, a
23 party will receive a copy of all orders and filed documents via mail.  Further, if plaintiff chooses
24 to access court records through PACER, the fee is a modest $0.10 per page retrieved, and the
25 charge for any single document has a cap of $3.00 which is equivalent to 30 pages.  In light of
26 these procedures, which provide reasonable access, plaintiff has not justified the waiver of
27 PACER fees.  Accordingly, plaintiff's motion is denied.
28 ////

CONCLUSION

IT IS HEREBY ORDERED that plaintiff's motion for waiver of PACER fees, ECF No. 5, is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE